UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ELVERT S. BRISCOE, JR., | ) CASE NO. 1:05 CV 2429 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| CARL ANDERSON, et al., | ) MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) |

Plaintiff pro se Elvert S. Briscoe filed the above captioned action under 42 U.S.C. § 1983 against Grafton Correctional Institution ("GCI") Warden Carl Anderson, GCI Health Care Administrator Shelly Sopkovich, GCI Institutional Inspector Darlene Krandall, GCI Chief Medical Officer Juan Torres, GCI Physician John Doe (physician on duty 3/31/04), GCI Nurse Dave Hannah, former GCI Health Care Administrator Paula Lane, Ohio Department of Rehabilitation and Correction ("ODRC") Assistant Chief Inspector Gregory A. Bucholtz, ODRC Director Reginald Wilkinson, ODRC Acting Chief Larry Yoder, and ODRC Chief Inspector Cheryl Jorgenson-Martinez. In the complaint, plaintiff alleges he was denied medical care on two occasions. He seeks declaratory, injunctive and monetary relief.

## *Background*

Mr. Briscoe was transferred from the Mansfield Correctional Institution to GCI on July 9, 2003. In the year before his transfer, he had been treated at Ohio State University Hospital for three deteriorating lumbar disks, which caused pain and discomfort in his lower back and legs. When he arrived at GCI, he was instructed to take his medications to the medical department for re-labeling. At that time, Mr. Briscoe submitted Zantac, allergy medication, antacids, ibuprofen, and coal tar shampoo for re-labeling. He also submitted a medical request for refill of the medication he took for his leg and back pain and requested a medical visit to discuss these issues as well as an ear ache and chest pains he had been experiencing.

The medical department scheduled Mr. Briscoe to see Dr. Torres on December 10, 2003. Nurse Dave Hannah was also present for the appointment. Mr. Briscoe claims that he began to list his medical concerns when Dr. Torres stopped him and said, "this [is] not a 'grocery store' for complaints." (Compl. at 7.) He claims Dr. Torres told Mr. Hannah that the appointment was terminated. He claims Mr. Hannah then said "you got your three dollars worth" and asked him to leave. Mr. Briscoe indicates he filed an Informal Complaint Resolution form with Paula Lane objecting to the manner in which he was treated. Ms. Lane advised him to sign up for sick call again and list all of his specific complaints on the health form. This sentiment was echoed by the Deputy Warden of Special Services when the issue was brought to her attention.

Mr. Briscoe signed up for sick call on March 31, 2004 and placed several issues on the health care request form. Upon entering the examination room, Dr. Doe told Mr. Briscoe that he could only be seen for two ailments at a time. Mr. Briscoe insisted that he had numerous complaints and would not narrow down his list to just two per visit. He was told to return to the

waiting area. Mr. Hannah came out to speak with Mr. Briscoe and reiterated the need to specify two medical problems which he would like to have addressed at the appointment. Mr. Briscoe refused to do so and the appointment was once again terminated.

Mr. Briscoe contends that he continues to experience medical problems which have not been addressed. He indicates he is unable to eat food without getting heartburn; his left ear still aches and he is experiencing loss of hearing; he has numbness is his left arm and hand; he has pain in his lower back and legs when standing or sitting for more than 20 minutes; he has pain in his hips; he has pain when trying to put on his socks and shoes; he has difficulty walking and climbing stairs; he has dry scalp; and he experiences dizziness and lightheadedness. He claims that the defendants have "continued to ignore and/or have policies and customs to deny medical care; to choose easier and less efficacious medical treatment; to discourage seeking of medical treatment; and instructions or recommendations of speciality clinics (OSU) that amount to deliberate indifference to plaintiff's serious medical needs... ." (Compl. at 11.)

## *Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings

3

and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L).

Mr. Briscoe filed an Informal Complaint Resolution form complaining of the treatment he received from Dr. Torres and Dave Hannah during the course of his December 10, 2003 appointment. His Notification of Grievance form and his Appeal to the Chief Inspector mirror

4

the claims in the Informal Complaint Resolution. Based on these forms, it appears that Mr. Briscoe arguably exhausted his claims against Dr. Torres and Dave Hannah which concern this appointment.

Mr. Briscoe also includes grievance forms relative to his medical appointment on March 31, 2004. He includes an Informal Complaint Resolution which details claims against Dr. Dow and Nurse Dave Hannah. The Notification of Grievance form and the Appeal to the chief Inspector contain these same claims. The claims pertaining to this incident appear to be exhausted against Dr. Doe and Dave Hannah.

There is no indication that the claims against the other defendants have been exhausted. No mention is made of a claim against Carl Anderson, Shelly Sopkovich, Darlene Krandall, Paula Lane, Gregory Bucholtz, Reginald Wilkinson, Larry Yoder, or Cheryl Jorgensen-Martinez in any of the grievance. Pursuant to OHIO ADMIN. CODE § 5120-9-31(L), grievances against Carl Anderson and Darlene Krandall must be submitted in a separate grievance directly to the Chief Inspector. Moreover, exhaustion of one claim does not imply exhaustion of administrative remedies against every individual in the chain of command. A prisoner is required to file a grievance against the person or persons he ultimately seeks to sue. Curry, 249 F.3d at 505; see Thomas v. Woolum, 337 F.3d 720, 733-35 (6th Cir. 2003). This puts the particular staff member on notice that a claim has been filed and further assures that the prison's administrative system has an opportunity to deal with the claims against prison personnel before those complaints reach federal court. Curry, 249 F.3d at 505. The claims against these individuals have not been exhausted.

In the past, the court would simply dismiss the claims which are unexhausted and proceed with those claims that have met the requirements of § 1997e. The United States Sixth

5

Circuit Court of Appeals, however, has adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule. if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. Because Mr. Briscoe has demonstrated exhaustion of administrative remedies only for his claims against Dr. Torres, Dr. Doe and David Hannah, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

## *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 17, 2006

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

6